## PENNSYLVANIA R. CO. v. MARY SELLERS.

ERROR TO THE COURT OF COMMON PLEAS OF PERRY COUNTY.

Argued May 27, 1889—Decided June 28, 1889.

In an action against a railroad company to recover damages for personal injuries, it appeared that the injuries were inflicted upon the track and by the engine and cars of another company. There was no direct testimony that the road of such company was then owned or leased by the defendant; yet, there being evidence of facts and circumstances sufficiently tending to show that the defendant then operated it, it was not error to submit the question of defendant's responsibility to the jury.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and WILLIAMS, JJ.

No. 96 July Term 1888, Sup. Ct.; court below, No. 29 April Term 1886, C. P.

On March 6, 1886, Mary J. Sellers brought case against the Pennsylvania Railroad Company, to recover damages for personal injuries to her husband, George W. Sellers, resulting in his death, charged to the negligence of the defendant company's employees. Issue.

At the trial on January 19, 1888, the facts made to appear were in substance as follows:

On November 29, 1885, George W. Sellers, the plaintiff's husband, while passing over a public crossing of a railroad track was struck and killed by the hindmost of two cars which a shifting engine was backing down over the crossing to couple with other cars below. There was a network of tracks at this crossing, and the main question in dispute was, whether the defendant company, or the Northern Central Railway Company, was responsible for the accident.

The accident occurred upon the line of the Northern Central Railway Company, which company owned the engine and cars causing it. There was no testimony showing directly that the defendant company then owned or had leased the railroad of the Northern Central Railway Company; but, as evi-

Charge of Court below.

dence that the train employees who had charge of the engine
and cars which caused the accident, were the employees of
the defendant company, the plaintiff adduced testimony to the
effect that the rolling stock of the two roads was used indis-
criminately on either line; that the trainmen on either line
wore uniform clothing marked with the insignia of the defend-
ant company; that tickets over the Northern Central line were
sold by the defendant company; that the Northern Central
line had been divided and one part was called a division of de-
fendant company's road; that the principal officers of the two
roads were the same persons; that the employees running the
train which caused the accident were members of the Penna.
R. R. Relief Association, to which employees of the defendant
company only could belong; that the general freight depart-
ment of defendant company issued orders to agents on the
Northern Central line, and that printed publications of defend-
ant company referred to the Northern Central Railway as a
road leased, operated and controlled by the defendant company.
Testimony explanatory and in rebuttal of that on the part of
the plaintiff was introduced by the defendant.

The court, BARNETT, P. J., submitted the evidence upon all
the disputed questions of fact to the jury, and concluded the
charge as follows:

[And then you will consider whether the persons, who
shifted the cars, were the employees of the defendant, the
Pennsylvania Railroad Company; if they were not, then no
matter who else might be responsible, this defendant is not,
and your verdict should be for the defendant. But if, under
all the evidence in this case, you should find that the persons
who shifted the cars did so as employees and under the author-
ity of the Pennsylvania Railroad Company, then your verdict
should be in favor of the plaintiff.] [6]

The defendant requests the court to charge:

1. That there is no evidence whatever offered by the plaint-
iff to show that the defendant either owned or was the lessee
of the Northern Central Railway.

Answer: Affirmed.

4. That the accident which resulted in the death of Sellers
occurred in the yard of the Northern Central Railway Com-

Charge of Court below.

pany, at Marysville, and upon the tracks of the said Northern Central Railway Company, from a shifting engine of the said Northern Central Railway, operated by employees of said railway company, with which the Pennsylvania Railroad Company had no connection whatever; that she ran no trains over the tracks where the accident occurred, nor any trains upon the Baltimore Division, extending from the city of Baltimore to said yards of the Northern Central Railway Company where the accident occurred; and that the jury is bound to find the fact to be that the Pennsylvania Railroad Company neither operated nor controlled the said Baltimore Division of the Northern Central Railway; and, that although it should be established by the evidence, both that the Pennsylvania Railroad Company operated and controlled the Susquehanna Division of said Northern Central Railway Company, extending from Rockville to Sunbury, the said Pennsylvania Railroad Company would not be liable for any injury which said Sellers received on said Baltimore Division, which it neither leased nor controlled, and hence there can be no recovery against the defendant in this action.

Answer: This calls for binding instructions which would take the case from the jury. But we think there is some evidence in this case which the jury should pass upon, and therefore we decline to affirm this point as presented.[1]

6. That unless the train which did the injury, by the negligence of those in charge of the same, was a train run by the authority of the corporation known as the Pennsylvania Railroad Company, no action would lie against the latter company; and as the plaintiff's evidence shows that the shifting train in the Marysville yard which killed Sellers, was a train run by the employees of the said Northern Central Railway in its corporate name, this plaintiff cannot recover.

Answer: The first part of this point is correct, but we decline to affirm it as presented.[2]

The jury rendered a verdict in favor of plaintiff for $3,000. A rule for a new trial having been discharged, judgment was entered on the verdict, when the defendant took this writ, assigning as error, inter alia:

1, 2. The answers to defendant's points.[1] [2]

6. The part of the charge included in [ ] [6]

*Mr. B. F. Junkin,* for the plaintiff in error.

*Mr. W. H. Sponsler* (with him *Mr. J. L. M. Markel, Mr. W. A. Sponsler* and *Mr. Chas. H. Bergner*), for the defendant in error.

PER CURIAM:

It is not disputed that the accident, by means of which George W. Sellers lost his life, occurred in the yard of the Northern Central Railway Company, at Marysville, upon the track of the said company, and from one of its shifting engines. This suit was brought against the Pennsylvania Railroad Company by the widow of said Sellers, to recover compensation for his death, upon the ground that it was caused by the negligence of the last-named company. There was no evidence that said company was either owner or lessee of the Northern Central Railway. There was some evidence tending to show that the Northern Central was operated by the Pennsylvania Railroad Company. It was not very strong or satisfactory, but was as much so as the evidence in Penna. R. Co. v. Spicker, 105 Pa. 142 and Young v. Railroad Co., 115 Pa. 112, in which cases substantially the same question was considered. The writer doubted the sufficiency of the evidence to connect the two roads in each of those cases, and for that reason did not agree to the judgment although no dissent appears. That is of no possible moment now, however, and it is not proposed to question their authority. It is sufficient to say that under the ruling of those cases this judgment must be affirmed, as the measure of proof here is fully up to the standard there laid down. We need not discuss the testimony in detail. To go over 150 pages, printed in small type, for this purpose, would be a consumption of time that can be better employed.

Judgment affirmed.