Crew, J.
The two principal contentions of the plaintiff in error in this ease are: 1. That it was not shown by competent evidence that there was any contract or undertaking on the part of the Pennsylvania Company to become responsible for the transportation of Catharine Loftis beyond the terminus of its own line, and therefore that it is not liable for the injury received by her through the default or negligence of the Cleveland, Akron & Columbus Railway, a connecting line. 2. That the court of common pleas erred in refusing to give to the jury certain instructions requested by counsel for the railway company. If counsel for plaintiff in error are right as to either of these contentions, it follows, that the judgment of the circuit court was wrong and should *295 be reversed. As to the first of the above propositions counsel would seem to rest tbeir claim upon the assumption that the coupon ticket issued to Catharine Loftis by the Pennsylvania Company was and is itself the only proper evidence in this case of any undertaking or agreement on its part to receive and carry said Catharine Loftis as a passenger from Alliance to Columbus and return, and that therefore, as a common carrier, it is not shown to have assumed towards her any other or different duty or obligation than such as the sale of said ticket would itself imply. As to a common carrier of passengers, as distinguished from a carrier of goods or baggage,' the doctrine would seem now to be generally well settled that the mere issuance and sale by the former of a coupon ticket good over its own and connecting lines, does not of itself import an undertaking or agreement on the part of the issuing or selling company to become responsible for the safe carriage of the passenger to whom such ticket is sold beyond its own line. Yet it is equally true, and not less well settled, we think, that a railway company selling a ticket for the transportation of a passenger beyond its own line of road, may by contract either express or implied make itself responsible for the safe carriage of such passenger over the entire route covered by the ticket sold. Hutchinson on Carriers, secs. 577, 578; 4 Elliott on Railroads, sec. 1596; Young v. Pennsylvania Railroad Co., 115 Pa., 112; Pennsylvania Railroad Co. v. Cornell, 112 Ill., 295; Hartan v. Eastern Railroad Co., 114 Mass., 44; Pennsylvania Railroad Co. v. Jones, 155 U. S., 333; Van Buskirk v. Roberts, 31 N. Y., 661; 3 Thompson on Negligence, sec. 3352. And where, as in this ease, the scope and *296 extent of the contract made, or the duty and obligation assumed by the railway company, is a fact in issue, the ticket sold is not itself the only evidence that may be introduced and considered upon such issue, but the fact may be shown or proved by any competent parol testimony. In the present case it was alleged by plaintiff in his petition that the Pennsylvania Company “in consideration of the sum of two dollars to it paid; thereby agreed to accept said Catharine Loftis as a passenger on its cars and convey her as such passenger the entire distance from the city of Alliance, Ohio, to the city of Columbus, Ohio, and return, over the lines of the defendant, the Pennsylvania Company, and said Catharine Loftis was to be conveyed the entire route in the cars of the defendant without any change of cars whatever.” As tending to prove the particular agreement and undertaking so alleged, evidence was introduced by plaintiff showing that, sometime prior to May 8,1898, the Pennsylvania Company caused to be inserted in the Alliance Daily Leader, a newspaper published in the city of Alliance, the following advertisement: “Special Sunday excursion to Columbus via Pennsylvania Lines, May 8th, next Sunday; two dollars round trip. Excursion tickets will be sold to Columbus from Alliance, via Pennsylvania Lines, special train leaving at 6:45 A. M. central time, returning, leave Columbus 6:30 P. M. All day to see the Capitol City. Ohio National Guards are encamped at'Columbus.” The obvious purpose of this notice was to advise and inform the public that on the day and at the time named therein, a special excursion train would be run from Alliance to Columbus and return over or “via” the Pennsylvania *297 Lines, and that round trip tickets would be sold by the Pennsylvania Company,for said excursion good for the round trip. This notice came to the attention of Catharine Loftis and the matter of said excursion was talked over by her with members of her family before she procured her ticket. This advertisement contained no information or notice that said excursion train would be run over any line other than the Pennsylvania Lines; and Catharine Loftis had no notice of any limitation on the responsibility of the Pennsylvania Company, or that said company would not be in entire charge and control of said excursion train from Alliance to Columbus and return. Evidence was also given showing that for the ticket sold to said Catharine Loftis a single charge was made for the entire trip and that payment therefor was made to and received by the ticket agent of the Pennsylvania Company at its office in Alliance. It was further shown that this was a special excursion train, and as made up when it left Alliance, was composed entirely of coaches belonging to the Pennsylvania Company and that these coaches were intended to be and were run through from Alliance to Columbus without change. These with other facts and circumstances proven in this ease, while not of themselves conclusive upon the question of the contract made or obligation and duty assumed by the Pennsylvania Company, were nevertheless, we think, competent to be given in evidence as bearing upon that question, and as tending to show on its part, an entire contract or undertaking to carry from Alliance to Columbus and return. Being competent as evidence, their probative force, and the weight and effect to be given them, in the light of all the facts *298 and circumstances proven, was a question, to be determined by tbe jury under proper instructions from tbe court.
2. On tbe trial of tbis cause in tbe court of common pleas, counsel for tbe railway company submitted to tbe court certain requests to charge among wbicb were tbe following:
■ “1. A railroad company wbicb sells a coupon ticket over its own and a connecting line is presumed, in tbe absence of evidence to tbe contrary, to act as tbe agent for tbe connecting line, and is not liable to tbe purchaser of such ticket, for injuries sustained by reason of tbe negligence of such connecting line.
“2. If tbe jury find that in selling plaintiff’s wife a ticket to Columbus and return — if they do find that such a ticket was sold — tbe defendant was acting as agent for tbe Cleveland, Akron & Columbus Railway Company, so far as passage over that .road was concerned, tbe plaintiff cannot recover in tbis action.
“3. Tbe fact that tbe defendant at tbe time it sold plaintiff’s wife her ticket to Columbus (if tbe jury find that it did sell such ticket), and collected fare for tbe entire distance, is not, of itself, sufficient to warrant tbe jury in finding that defendant bad contracted to carry tbe plaintiff’s wife any further than tbe end of its own line, wbicb tbe testimony shows was at Orrville. ’ ’
These requests were all of them pertinent to tbe issues involved, and each correctly states tbe rule of law applicable to tbe particular state of facts to wbicb it was intended to apply. They should therefore have been given to tbe jury. As hereinbefore *299 stated the sale by a railroad company of a coupon ticket containing coupons entitling the person to whom it is sold to transportation as a passenger over a connecting but independent line, does not necessarily import a contract or undertaking on the part of the company selling such ticket to become responsible for the safe carriage of such passenger for the entire distance, or beyond its own line, even though such ticket contains no express provision limiting the liability of the company issuing or selling the same to its own line of road. Unless the contrary appears the presumption is, that a railway company selling such coupon ticket over connecting but independent lines, in making such sale acts as the agent of the connecting line in the sale of the coupons and said coupons are regarded as in the nature of separate tickets on behalf of the connecting carriers, and binding upon them in the same manner as if issued or sold by themselves, and in the absence of evidence showing a different undertaking or obligation each will be responsible only for the safe carriage of the passenger over its own line. The above instructions asked by the railway company, merely called for the application of these rules of law to facts which there was evidence in the case tending to prove or establish, and we think therefore the trial court erred in refusing to give them. Other special requests were submitted by counsel for the railway company, but these we think were either properly refused or sufficiently covered by the general charge. The refusal of the court of common pleas to give to the jury the requests above designated, being one of the errors assigned by the railway company in the circuit court, that court erred in affirming the judgment of said *300 court of cotutu on pleas. ■ The judgment of the circuit court in this case will therefore be reversed.

Judgment reversed.

Davis, C. J., Shauck, Price and Summers, JJ., concur.